NOVEMBER 5, 1802.

# Peyton Short *v.* John Jackson *et al.*

*Upon an appeal from a decree of the General Court.*

1. Where the obligor in a bond assures the assignee, before the assignment, that he will pay the bond at maturity, he is estopped afterward to set up a failure of the consideration upon which the bond was made, as a bar to an action by such assignee.

2. Where the obligor in a bond is estopped to plead a failure of the consideration as against the first assignee thereof, the benefit of the estoppel extends to the second, or any subsequent assignee of the bond.

3. Where the vendee of land holds a deed, with covenants of general warranty for part, and bond with surety for a deed with general warranty for the residue, and the vendor has been guilty of no fraud in the sale, the vendee's remedy at law for a defect of title is complete, and he can not maintain a bill to cancel the transaction on the ground that the title is defective, especially when no eviction has taken place.

The act of this state, concerning the assignment of bonds and other writings, provides, that they shall carry with them into the hands of assignees all the equity to which they were subject

whilst in the hands of obligees. But this act does not forbid obligors from barring their equity as to assignees by special *assumpsits* or promises made to them; therefore, the only inquiry of consequence which arises on the bonds in question in this cause is, whether Short, the obligor, has made any such *assumpsit* or promise to Jackson and Young, the assignees. It is proven that Short, prior to the assignment of the bonds, promised Trabue, the obligee, to pay them to any merchant who would take them for merchandise, or that he would give the merchant his bonds in exchange for them; and the presumption is strong that Jackson and Young were informed of the promise, and were thereby induced to take the bonds. Be this, however, as it may, the letter from Short to Jackson and Young, which is exhibited, certainly amounts to an unconditional promise, by which he ought to be bound without regard to any equity he may have against Trabue, the assignor. Therefore, it is unnecessary to add that the promise made to Jackson and Young must extend to Berry, to whom one of the bonds was assigned by them, and, consequently, that the dissolution of the injunction and dismissal of the bill as to them were proper. It is the prayer of the bill, and it is urged by the counsel for the complainant, that his contract with Trabue, on which the bonds were given, may be vacated or that a compensation may be made to him for so much of the lands for which the bonds were given, as he is likely to be evicted from. On which it may be observed, that if the complainant must pay off the bonds a dissolution of the contract might not be for his interest; and the court below could not decree him compensation because it does not appear that he was actually evicted from any of the lands, or that decrees of eviction have been affirmed for any certain parts or quantities of the lands. Moreover, as the complainant has a deed with general warranty for one of the tracts, and bond and security for a deed of conveyance with general warranty for the other tract, and as it does not appear that Trabue was guilty of any fraud in the transaction, complete relief can be had in a court of law whenever the threatened evictions shall take place.

Therefore, it is considered by the court, that the decree aforesaid be affirmed, that the appellees may proceed to have the benefit thereof in the court below, and recover of the appellant their costs in this behalf expended, which is ordered to be certified to the said court.